UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6621-CIV-DIMITROULEAS/TORRES

JOHN MARTIN,

    Plaintiff,

v.

AUTOMOBILI LAMBORGHINI U.S.A., INC.,
AUTOMOBILI LAMBORGHINI, SpA. and
EXCLUSIVE, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION TO AUTHORIZE TRANSFER OF MORTGAGE LIEN

This matter is before the Court on Brian Neiman's Motion to Authorize Transfer of Mortgage Lien From the Palms Homestead Property to the St. Regis Property and for Adequate Protection of Lamborghini's Interest [D.E. 1787]. The Court has carefully reviewed the Motion and Lamborghini's Memorandum in Opposition [D.E. 1793] as well as the Court file and is fully advised in the premises.

### I. INTRODUCTION

The pending Motion seeks to modify the current Payment Plan that the Court approved, after laborious and extensive proceedings. That Payment Plan required Brian Neiman to confer a first lien priority mortgage to Lamborghini on his penthouse condominium which would secure the annual payments owed to Lamborghini under the Court's Revised Final Fee Judgment. Neiman now requests permission from the Court to transfer that first priority lien from the current penthouse condominium that he owns, which cannot be transferred under the Court's payment plan Order, to a new condominium unit that Neiman wishes to purchase. In

other words, Neiman wishes to substitute his new residential property in place of the current property that is subject to the payment plan Order.

Lamborghini, naturally, objects.  Lamborghini argues that the pending Motion blatantly violates both the letter and the spirit of the Court's payment plan Order.  Lamborghini argues that under that Order Neiman has only one choice if wishes to encumber or otherwise sell his secured property:  fully pay the remaining sums owed under the Revised Fee Judgment.  Lamborghini argues that the payment plan Order never contemplated Neiman transferring Lamborghini's secured interest from property to property, nor is there any legal or factual justification for Neiman being permitted to do so.

After Lamborghini's last fee application was granted only in part and otherwise denied, it appeared that this matter had finally been drawn to a close.  It appeared that the payment plan was working as the Court contemplated and no further litigation or collection efforts were required.  Thus, the Court is frankly very reticent to re-open this dead can of worms unless it absolutely has to.  Upon reviewing the pending Motion and the record of Court Judgments and Orders that led to where we are now, it is clear that the Court clearly does not have to and indeed should not re-open or re-visit the terms of the payment plan Order, especially because the genesis of the Motion is Neiman's desire to sell his property and buy a more expensive multi-million dollar condominium.  It is simply incongruous for the Court to modify a payment plan Order – designed to make it possible for Neiman to pay in full a judgment that he has repeatedly claimed he could not afford to pay – so that Neiman can buy and live in an even better and more valuable property.

The bottom line is that the payment plan Order currently in place already addresses and contemplates what should occur under these circumstances.  If Neiman wishes to sell his

condominium and buy another one, based upon the material appreciation of his property since the date the payment plan Order was entered, he is absolutely entitled to do so. He simply has to take a portion of the profit that he will obtain from the sale of his current condominium and fully satisfy the Revised Fee Judgment and the Second Fee Judgment. The remaining profit and equity can then be used to purchase the condominium he now wants to purchase or any other property. Otherwise, he can elect not to sell his property until all the payments required under the Court's payment plan Orders are made and the Revised Fee Judgment and Second Fee Judgment are fully satisfied. Neiman has only those two choices, however. His preferred option – the motion seeking authority to modify the payment plan Order and transfer Lamborghini's secured interest in his residential property – is not tenable and will be denied.

## II.   ANALYSIS

The Court's Payment Plan Order [D.E. 1676] approved, as modified, Neiman's Second Payment Plan [D.E. 1494] to pay the Revised Fee Judgment [D.E. 1367] owed to Lamborghini based upon Neiman's sanctionable conduct and fraud on the Court. In his second proposed plan, Neiman made no provision for substitution or transfer of the collateral or that Neiman could continue to make payments even after he sold his penthouse. The Court, in an effort to bring this litigation hydra to an end, adopted Neiman's proposal, *over Lamborghini's objection*, and required that Neiman provide Lamborghini a first lien security interest in the Penthouse. Specifically, the payment plan Order provides:

> Neiman shall execute a special warranty deed or other document granting Lamborghini a first priority lien on the Penthouse, or shall execute such other mutually agreed document(s), to be held in escrow, to secure immediate foreclosure of the Penthouse in Lamborghini's favor in the event of a default by Neiman of the payment provisions set forth in paragraph 4(a) above.

[D.E. 1676 at 15].

The payment plan Order expressly contemplated what would happen if Neiman wanted to sell the penthouse:

> To protect Lamborghini's ability to collect the full amount of the Revised Fee Judgment, Neiman *shall not transfer* or encumber the Penthouse, except as necessary to make the payments required in paragraph (4)(a) above, *until the Revised Fee Judgment has been paid in full,* including interest, or within such shorter time frame as Lamborghini and Neiman may agree; . . . .

*Id.* (emphasis added).

Neiman's present Motion seeks to undermine this language in the payment plan Order and, in effect, seeks to create yet another payment plan – this time tied to the new condominium property he desires to purchase. That relief is clearly inconsistent, however, with the terms of the payment plan Order, the Court's intent in fashioning and enforcing that Order over Lamborghini's objection, and the Court's consistent enforcement of that Order since the date it was entered. When Neiman allowed his property to be "encumbered" by refusing to pay his condominium and tax assessments, the Court quickly issued an Order to Show Cause and held a hearing on why Neiman should not be held in contempt for violation of the Payment Plan Order. [D.E. 1757]. That situation resolved itself, but the Court clearly warned that it would continue to strictly enforce the precise terms of the payment plan Order.

Similarly, when Lamborghini argued that Neiman's newly generated assets undermined the necessity of any further payment plan, the Court sharply denied Lamborghini's Motion to Accelerate the payment plan precisely because it did not want to alter the payment plan Order that, to that point, had been working. [D.E. 1749 at 3-5]. That Order reiterated that a cornerstone of the Payment Plan Order was "that Neiman not transfer or encumber his Penthouse until the Revised Fee Judgment was paid in full." [*Id.* at 5].

Now, however, it is Neiman who wants to modify the payment plan Order, not for undue hardship, but instead because he wants to sell his property, reap the financial benefit on that sale, and buy a new and likely more luxurious and expensive property. For the same reasons that the Court denied Lamborghini's efforts at modifying the payment plan Order, Neiman's present motion will also be denied: the provisions of this payment plan Order were exhaustively agreed to and entered, the payment plan has been working reasonably well, and most importantly the Court's Revised Fee Judgment and Second Fee Judgment are being enforced as a result. The Court is not prepared to take a different course now, *especially* when the reasons for that proposed alter course are so antithetical to the fundamental purposes originally behind the payment plan Order – Neiman's alleged limited ability to pay the Revised Fee Judgment in full without the benefit of time under a secured payment plan.

In other words, if Neiman can today sell his penthouse property at a considerable profit based upon the tremendous appreciation in South Florida real estate over the last three years, then he is no longer financially strapped and unable to pay in full the Revised Fee and Second Fee Judgments. At that point, he would have realized sufficient liquidity such that he could cut a check to Lamborghini for the amounts owed to date and wash his hands of the matter. A payment plan, under those circumstances, would be unnecessary.

Indeed, that is precisely what the Court's payment plan Order contemplates. Neiman's present motion provides no good cause or material showing why that contemplated remedy should not come to pass. He of course has the option to sell his property, satisfy the Revised Fee and Second Judgments, and purchase whatever other property he desires. He does not have the option of selling his property, reaping a profit, and creating in effect a new payment plan on another piece of property, which would require a new mortgage instrument, new

proceedings that Lamborghini would surely be entitled to in order to confirm the value of the new property, or any other new contingencies.  Again, the whole purpose behind the adoption, as modified, of Neiman's second payment plan was the elimination of any further proceedings or litigation for the parties or the Court.  That stated purpose has not changed.  And that purpose would be utterly frustrated by allowing Neiman to undermine the express provisions of the payment plan Order in order for him – a judgment debtor – to reap financial benefit while Lamborghini – the judgment creditor – is forced by Order of this Court to wait before its judgments are paid in full.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Brian Neiman's Motion to Authorize Transfer of Mortgage Lien From the Palms Homestead Property to the St. Regis Property and for Adequate Protection of Lamborghini's Interest [D.E. 1787] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 6th day of March, 2007.

EDWIN G. TORRES
United States Magistrate Judge

cc:   Honorable William P. Dimitrouleas
      counsel of record